PER CURIAM.
Affirmed. See Alonzo v. State, 46 So.3d 1081, 1084 (Fla. 3d DCA 2010) (explaining that a trial court's genuineness analysis, under Melbourne v. State, 679 So.2d 759 (Fla. 1996), may be implicit); Carillo v. State, 962 So.2d 1013, 1016 (Fla. 3d DCA 2007) (holding that "the trial court implicitly underwent a genuineness inquiry and found the State's proffered reason to be non-pre-textual"); Pringle v. State, 792 So.2d 533, 536 (Fla. 3d DCA 2001) (observing that, in the Melbourne context, "no magic words or incantations are required, and that substance must control over form. The trial court's quest is not to create a perfect script, but to assure that peremptory challenges are not used to exclude persons from jury service for improper reasons").